IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CIVIL ACTION NO. B-03-029 |
| JUAN PEQUENO | | |
| DEBTOR | | |
| | | |
| JUAN PEQUENO | | |
| | | |
| V. | | |
| | | |
| MICHAEL B. SCHMIDT | § | (BANKRUPTCY NO. 01-24255-B-7) |

## APPELLEE'S FIRST AMENDED DESIGNATION OF
## ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

Appellee Michael B. Schmidt ("Trustee") amends the items to be included in the Record on Appeal for the above case. The Record on Appeal failed to include the Orders which are being appealed.

The Trustee hereby supplements the Record on Appeal to include these Orders and attaches then hereto for inclusion as follows:

### Designation of Additional Items

1. Order Denying Motion to Convert to Chapter 13 (Docket No. 121);
2. Order Denying Motion to Vacate Order Authorizing Trustee to Mediate and Settle (Docket No. 120);
3. Order Denying Motion to Vacate Trustee's Agreed Order Approving Settlement Agreement (Docket No. 119); and,
4. Order Sustaining Objection to Exemptions of Property (Docket No. 118)

The undersigned certifies that all Exhibits attached hereto and incorporated herein for all purposes, are true and correct to the best of his knowledge.

Respectfully submitted:

LAW OFFICES OF MICHAEL B. SCHMIDT

By: _____
Michael B. Schmidt

712 American Bank Plaza<br>
Corpus Christi, Texas 78475<br>
Office: 361/884-9949<br>
Fax:   361/884-6000<br>
TBN: 17775200<br>
ATTORNEY FOR TRUSTEE

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing legal document was mailed, regular U.S. Mail, on this __3__ day of February, 2003 to the persons listed below:

Juan Pequeno
P. O. Box 5692
Brownsville, TX 78523

Barbara Jue
Office of the US Trustee
606 N. Carancahua, Ste. 1107
Corpus Christi, TX 78476

_____
Michael B. Schmidt

2



IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN RE: §
JUAN PEQUENO, § CASE NO. 01-24255-B-7
    Debtor §

### ORDER DENYING MOTION TO CONVERT TO CHAPTER 13

Debtor's Motion to Convert to Chapter 13 is **DENIED**.

Debtor has acted in bad faith in this bankruptcy case evidencing an intent to evade Creditors and the Trustee. Under the circumstances, conversion would prejudice Creditors.

Debtor's Motion is **DENIED** with prejudice.

It is so **ORDERED**.

SIGNED this _____ day of __NOV 1 2 2002__, 2002.

                    Hon. Richard Schmidt,
                    United States Bankruptcy Judge

121



IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN RE: §
JUAN PEQUENO, § CASE NO. 01-24255-B-7
    Debtor §

### ORDER DENYING DEBTOR'S MOTION TO OBJECT AND TO REVOKE ORDER AUTHORIZING TRUSTEE TO MEDIATE AND SETTLE

Debtor's Motion to Object to and to Revoke Order Authorizing Trustee to Mediate and Settle is **DENIED**.

It is so **ORDERED**.

SIGNED: __NOV 1 2 2002__, 2002.

                        HON. RICHARD SCHMIDT,
                        UNITED STATES BANKRUPTCY JUDGE



IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN RE: § 
JUAN PEQUENO, § CASE NO. 01-24255-B-7
    Debtor §

### ORDER DENYING DEBTOR'S MOTION TO OBJECT AND TO REVOKE TRUSTEE'S AGREED ORDER APPROVING SETTLEMENT AGREEMENT

Debtor's Motion to Object to and to Revoke Trustee's Agreed Order Approving Settlement Agreement ("Debtor's Motion") is **DENIED**.

This Court by Order Dated September 25, 2002 approved the Trustee's Settlement Agreement with the City of Brownsville, which provides for payment to the Trustee of $140,000.00. Debtor's Motion seeks revocation and reconsideration of this Order approving the Settlement Agreement. The Court has heard the Debtor on Debtor's Motion and the Court again finds that the Trustee's Settlement Agreement is fair and equitable; and in the best interest of the estate and approves same. The Trustee is authorized and directed to dismiss Debtor's pro se appeal to the 5th Circuit of Judge Tagle's Order entered August 15, 2002 denying Debtor's pro se Motion to Amend the Final Judgment entered by Judge Tagle.

It is so **ORDERED**.

SIGNED: **NOV 1 2 2002**, 2002.

HON. RICHARD SCHMIDT,
UNITED STATES BANKRUPTCY JUDGE



IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| JUAN PEQUENO, | § | CASE NO. 01-24255-B-7 |
| Debtor | § | |

### ORDER SUSTAINING OBJECTION TO EXEMPTIONS

Came on for hearing the Trustee's Objection to the Debtor's Exemption. Trustee's Objection to Exemptions is **SUSTAINED**.

Debtor has claimed the following "Property" as exempt under 11 U.S.C. § 522 (d) (11) (E):

"Loss earnings payments".

The Trustee timely filed his objection to Debtor's claims of exemption for the Property. The Bankruptcy Code in §522 (d) (11) (e) allows a debtor to exempt a "payment in compensation of loss of <u>future</u> earnings…". The Court finds that the Property claimed by Debtor as exempt is a Judgment taken by Debtor against the City of Brownsville in Civil Action No. B-00-180 in U.S. District Court, Southern District of Texas. The causes of action on which this Judgment is based arose pre-petition and are "property of the estate".

The Court finds that the Property is not exempt as it does <u>not</u> represent "a payment in compensation of loss of <u>future</u> earnings".

The Court finds that the credible evidence shows this Property instead is damages awarded in payment in compensation of <u>past</u> earnings and mental anguish, which are not exempt under 11 U.S.C. § 522 (d)(11)(E).

The Property is not exempt. Debtor's claim of exemption is **DENIED**.

It is so **ORDERED**.

Dated __NOV 1 2 2002__, 2002.

Hon. Richard Schmidt,
United States Bankruptcy Judge

118