IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CIVIL ACTION NO. B-03-029

JUAN PEQUENO,

Appellant

v.

Michael B. Schmidt, Trustee

Appellee

Appeal from the United States Bankruptcy Court
for the Southern District of Texas, Brownsville Division

## APPELLANT'S BRIEF

Respectfully submitted by,

Richard D. Schell
THE FLEURIET SCHELL LAW FIRM LLP
621 E. Tyler
Harlingen, TX 7855
Telephone 956/428-3030
Fax 956/421-433

*ATTORNEYS FOR APPELLANT*

United States District Court
Southern District of Texas
FILED

MAY 1 5 2003

Michael N. Milby
Clerk of Court

## TABLE OF CONTENTS

Page

STATEMENT OF BASIS FOR APPELLATE JURISDICTION ................................... 1

STATEMENT OF THE CASE ............................................................................... 2

STATEMENT OF THE ISSUES PRESENTED ...................................................... 5

ARGUMENT AND AUTHORITIES ........................................................................ 7

PRAYER ............................................................................................................. 11

## STATEMENT OF THE BASIS OF APPELLATE JURISDICTION

This is an appeal of four orders entered by the judge of the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division in the case styled: In Re Juan Pequeño, Case No. 01-24255-B-7. Those orders are as follows:

1. Order Denying Debtor's Motion to Convert to Chapter 13 (Bankruptcy Docket #126, November 12, 2002);

2. Order Denying Debtor's Motion to Vacate Order Authorizing Trustee to Mediate and Settle (Bankruptcy Docket #127, November 12, 2002);

3. Order Denying Motion to Vacate Trustee's Agreed Order Approving Settlement Agreement (Bankruptcy Docket #128, November 12, 2002); and

4. Order Sustaining Objection to Exemptions of Property (Bankruptcy Docket #129, November 12, 2002).

This court has jurisdiction over appeal of these orders pursuant to 28 U.S.C. 158(a)(1).

## STATEMENT OF THE CASE

On December 31, 2001, Appellant, Juan Pequeño ("Mr. Pequeño."), acting *pro se*, filed a petition for relief under Chapter 7 of the Bankruptcy Code. Pursuant to the operation of 11 U.S.C. 541, all interests in property of any kind whatsoever that Mr. Pequeño owned on that day became property of the estate and came under control of the bankruptcy trustee.[1] The only exception to the operation of §541 is property that may be claimed as exempt pursuant to 11 U.S.C. 522.

On the day that Mr. Pequeño filed his Chapter 7 case, he was the owner of a cause of action against the City of Brownsville based on violation of his First Amendment right to free speech. Mr. Pequeño had filed suit on such cause of action in this court.[2] The suit against the City of Brownsville was brought to trial and, upon the verdict of the jury, Judge Tagle entered a judgment in favor of Mr. Pequeño in the amount of $400,359 plus $20,385 in attorney's fees (the "judgment"). The judgment is dated March 26, 2002. The City of Brownsville appealed the judgment to the United States Court of Appeals for the Fifth Circuit where the case is now pending.

Mr. Pequeño has asserted that the judgment rendered in his suit against the City of Brownsville is not property of his Chapter 7 estate because the judgment is exempt pursuant to 11 U.S.C. 522(d)(11)(E). That section allows a debtor to exempt a payment in compensation of loss of future earnings to the extent reasonably needed for the support of the debtor and his family. Neither the jury verdict nor the

---

[1] Michael B. Schmidt, the Appellee, was appointed as trustee over Mr. Peq's Chapter 7 estate on January 4, 2003.

2

judgment make any allocation of the amount between mental anguish, past earnings or future earnings. (Bankruptcy Docket #117, Exhibit F and Exhibit O). The Appellee, Michael B. Schmidt, Trustee ("Trustee"), objected to Mr. Pequeño's claim of exemption. A trial on the exemption was conducted before the bankruptcy judge who ultimately sustained the objection ruling that the entire judgment was property of the estate. (Order Sustaining Objection to Exemptions of Property, Bankruptcy Docket #129, November 12, 2002).

Also, during the course of the Chapter 7 proceeding, Mr. Pequeño filed a motion to convert his case to a proceeding under Chapter 13 of the Bankruptcy Code. In a Chapter 13 case, the debtor is allowed to retain possession of all property of the estate subject to his proposing of a confirmable plan to repay creditors. Upon conversion, Mr. Pequeño's would have control and ownership of the judgment including the ability to defend the appeal or possibly negotiate a favorable settlement. Needless to say, Mr. Pequeño would have been required to file a plan that would provide for the payment of his creditors. In all likelihood, such a plan would have had to provide for a 100% payment to creditors in order to be confirmed. The Trustee, on the other hand, wanted to settle the lawsuit against the City of Brownsville and use the proceeds to pay creditors.[3] Accordingly, the Trustee opposed the Motion to Convert. This matter was also tried and the bankruptcy judge ultimately ruled that Mr. Pequeño would not be allowed to convert his

---

[2] *Pequeño v. City of Brownsville*, Cause No. B-00-180; Judge Tagle presiding.
[3] Based on a proposed settlement of $140,000, over 50% of which would go to attorney's fees,

3

Chapter 7 case to Chapter 13. (Order Denying Debtor's Motion to Convert to Chapter 13, Bankruptcy Docket #126, November 12, 2002).

While Mr. Pequeño and the Trustee were wrangling over exemptions and conversion, the Fifth Circuit court ordered the parties to the judgment to mediate. The Trustee obtained an order from the bankruptcy judge authorizing him to mediate and settle the suit against the City of Brownsville. Mr. Pequeño opposed that action and filed a motion to vacate the order authorizing the Trustee to mediate and settle the suit. The bankruptcy judge denied this motion. (Order Denying Debtor's Motion to Vacate Order Authorizing Trustee to Mediate and Settle, Bankruptcy Docket #127, November 12, 2002).

As a result of the mediation, an agreement was reached to settle the suit against the City of Brownsville for the payment of $140,000. The settlement was subject to a final ruling that the Trustee had sole ownership of the judgment. The Trustee filed a motion to have the settlement approved which was granted. Mr. Pequeño filed a motion to vacate that order. The bankruptcy judge denied that motion as well. (Order Denying Motion to Vacate Trustee's Agreed Order Approving Settlement Agreement, Bankruptcy Docket #128, November 12, 2002).

Mr. Pequeño timely filed notices of appeal relating to the above referenced rulings of the bankruptcy judge.

# STATEMENT OF THE ISSUES PRESENTED AND STANDARD OF APPELLATE REVIEW

1. The judgment does not specify whether or not it is an award to compensate for the loss of future earnings. Mr. Pequeño claimed the judgment as exempt asserting that the judgment does, indeed, compensate him for the loss of future earnings. Rule 4003(c) of the Rules of Bankruptcy Procedure imposes the burden of proof that the judgment is not exempt on the Trustee. Is there any admissible evidence in the record that supports the bankruptcy judge's finding that the judgment did not include compensation for future earnings?

**Standard of Appellate Review:** Rule 8013 of the Rules of Bankruptcy Procedure provides that *"findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . ."* Conclusions of law are reviewed *de novo*.

2. It is well established that a debtor has an absolute right to convert a Chapter 7 case to Chapter 13. That right will not be denied except upon a showing of extreme circumstances. *In re Martin*, 880 F.2d 857, 859 (5th Cir. 1989). Did the bankruptcy judge employ the "extreme circumstances" rule in denying Mr. Pequeño his right to convert to Chapter 13?

**Standard of Appellate Review:** Rule 8013 of the Rules of Bankruptcy Procedure provides that *"findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . ."* Conclusions of law are reviewed *de novo*.

3.     On August 7, 2002, the bankruptcy judge ruled from the bench that Mr. Pequeño's case was converted to Chapter 13. Was that a valid order of the court? If so, is everything that happened after that moot?

**Standard of Appellate Review:**  Rule 8013 of the Rules of Bankruptcy Procedure provides that *"findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . ."* Conclusions of law are reviewed *de novo*.

## ARGUMENT AND AUTHORITIES

1.   *The bankruptcy court erred in sustaining the Trustee's objection to Mr. Pequeño's claim that the judgment was exempt pursuant to 11 U.S.C. 522(d)(11)(e).*

A debtor in bankruptcy has the right to designate certain property as exempt. Exempt property is not included in the bankruptcy estate and cannot be liquidated by a Chapter 7 trustee for disbursement to creditors. Rule 4003 of the Bankruptcy Rules of Procedure sets out the procedure for claiming and objecting to exemptions. In particular, subsection (c) provides that "[i]n any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed."

Mr. Pequeño claimed the judgment as exempt asserting that it represented compensation for the loss of future earnings. (Bankruptcy Docket 117, Exhibit H, Schedule C). The exemption statute, 11 U.S.C. 522, provides that a debtor may claim as exempt certain property including the following:

> *[a] payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.*

Once claimed, the property is deemed to be exempt. See, 11 U.S.C. 522(l) which provides that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." The Fifth Circuit has affirmed this "deemed exempt" rule provided that a statutory basis for the claimed exemption exists. *In re Sherk,* 918 F.2d 1170 (5th Cir.1990).

In the case at bar, the judgment does not specify whether or not it represents compensation for loss of future earnings. The instructions for the jury include an instruction on awarding loss of future earnings. Presumably some or all of the jury award includes compensation for such lost earnings. The Trustee had the burden under Rule 4003(c) to establish that the judgment was <u>not</u> an award for loss of future earnings. That burden was not met.

Primarily, the Trustee offered evidence of what certain jurors may have said about the verdict. The Trustee put on such evidence through the testimony of Mr. Pequeño, a letter to the Trustee from Mr. Pequeño and the testimony of Mr. Pequeño's attorney in the underlying lawsuit. All of that evidence was hearsay and inadmissible. Additionally, the Trustee relies on the fact that Mr. Pequeño filed a motion in the underlying suit to amend the judgment. (Bankruptcy Docket #117, Exhibit K). In this motion Mr. Pequeño requests an additional award of future earnings to be made whole, but he does not deny that the jury verdict may have been for future earnings as well. His point was that his expert witness on economic loss testified that loss of future earnings totaled $1.4 million and that, therefore, the jury should have awarded that amount to make him whole. (Bankruptcy Docket #117, Exhibit J).

The bottom line is that the Trustee simply did not offer any admissible evidence to meet his burden under Rule 4003(c). There being no evidence to contradict Mr. Pequeño's claim of exemption, the bankruptcy judge's finding to the contrary was clearly erroneous.

### 2. The bankruptcy court erred in refusing to allow Mr. Pequeño to convert to Chapter 13.

The Fifth Circuit Court of Appeals recognized the right of a debtor to convert a Chapter 7 case to Chapter 13 pursuant to 11 U.S.C. 706(a). In *In re Martin*, 880 F.2d 857 (5th Cir. 1989) the court found as follows:

> *The Code is unequivocal in its statement of the right to convert: The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1307, or 1208 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.*
> ...........................................................................................
> *Thus, the cases also support our conclusion that a debtor's right to convert under section 706(a) is, as indicated by the statute and its legislative history, an absolute one. The courts refuse to interfere with that right in the absence of **extreme circumstances**.*

*In re Martin* at 859 (emphasis supplied).

Interestingly, the bankruptcy judge did not apply the *In re Martin* test in ruling on Mr. Pequeño's motion to convert. In explaining his rationale, Judge Schmidt states that *"[c]onversion can be – if it's in the best interest of the system and for various reasons, the Court has discretion whether or not to convert a case ..."* (Transcript of November 7, 2002 hearing, page 38, line 8 to 10). Judge Schmidt goes on to explain his ruling in the following passage from the transcript:

> *Now, again, I am not finding that you have fraudulently done all of that. I'm finding that there is sufficient – there are sufficient problems that it does not appear equitable to me to reconvert – to convert this to Chapter 13.*

(Transcript of November 7, 2002 hearing, page 49, line 20 to 24).

Clearly, Judge Schmidt is applying the wrong rule of law. The absolute right to convert cannot be denied based on whether is equitable to convert. There must be a showing of *"extreme circumstances."* As a result of applying the wrong rule of law, Judge Schmidt denied the conversion based on mere *"problems."*

Were there "extreme circumstances?" Mr. Pequeño was doing his best to represent himself. He is not an attorney. He obviously made mistakes and operated under misapprehensions regarding procedure and law. Nonetheless, it is clear that he was making a good faith effort to comply. He attended close to ten hearings and filed hundreds of pages in this case. He disclosed the existence of the underlying suit in the Statement of Financial Affairs filed with the court. Although the Trustee would like to paint him as a person intent on defrauding his creditors, there is simply no credible evidence in the record that would support such a finding. To the extent that it could be concluded that Judge Schmidt found "extreme circumstances," such a finding is clearly erroneous.

### 3.   *The case was converted by order of the bankruptcy judge on August 7, 2002.*

On August 7, 2002, Judge Schmidt stated on the record as follows: *"But I don't see any reason why we couldn't convert to 13 if he wants to try to pay his creditors. So the case will be converted to 13."* (Transcript of August 7, 2002 hearing, page 3, lines 9-12). This order was never modified or vacated. Accordingly, the case was converted and the various orders issued since then are moot.

## PRAYER

Based on the foregoing, Mr. Pequeño prays that this court reverse the orders of the bankruptcy judge and grant such other and further relief as the court may deem appropriate.

DATED: _____May 15_____, 2003.

                              Respectfully submitted,

                              **Richard D. Schell**
                              Attorney-in-Charge
                              State Bar No. 17736780
                              Federal I. D. No. 1221
                              621 E. Tyler
                              Harlingen, Texas  78550
                              (956) 428-3030
                              (956) 421-4339 (fax)
                              *rds@fleurietschell.com*

Of Counsel:

**THE FLEURIET SCHELL LAW FIRM LLP**
621 E. Tyler
Harlingen, Texas  78550
(956) 428-3030
(956) 421-4339 (fax)

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was served upon the following in the manner indicated below:

Michael B. Schmidt
John Vardeman
LAW OFFICE OF MICHAEL B. SCHMIDT
712 American Bank Plaza
Corpus Christi, TX 78475
***VIA U.S. Mail***

on this 15th day of May, 2003.

_____
Richard D. Schell