IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 3 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE: | § | |
| JUAN PEQUENO | § | |
| DEBTOR | § | |
| | | |
| JUAN PEQUENO | § | |
| APPELLANT | § | CA NO. B-03-029 |
| V. | § | |
| MICHAEL B. SCHMIDT, TRUSTEE | § | |
| APPELLEE | § | |

**TRUSTEE'S BRIEF IN RESPONSE TO APPELLANT'S REPLY BRIEF**

COMBINED STATEMENT OF FACTS, ARGUMENT AND AUTHORITIES

Rule 606 (b) FRE is inapplicable

1.  Rule 606 (b) FRE is limited to "an inquiry into the validity of a verdict..." Such an inquiry occurs when a litigant seeks to impeach a jury verdict. *Carson v. Polley*, 689 F.2d 562, 580 (5th Cir. 1982). During an objection to exemptions proceeding, the issue before a bankruptcy court is whether or not the exemption is properly claimed. *In re Patterson*, 128 B.R. 737, 740 (Bankr. WD Tex. 1991). A bankruptcy court proceeding at which the exemptability of a judgment is at issue, is not an inquiry into the "validity" of a verdict. Rule 606(b) does not bar juror testimony at proceedings that are not directed at the "validity" of a verdict. *Robles v. Exxon*, 862 F.2d 1201,

1207 (5th Cir. 1989).

### Pequeno's testimony and filings are not hearsay but admissions by Party-Opponent

2.      Rule 801 (d) FRE provides that admissions by a Party-Opponent are not hearsay. An admission is a statement offered against a party and is the party's own statement or a statement of which the party has manifested an adoption or belief in its truth. Pequeno's letter to Schmidt (Exhibit C), Motion to Amend Judgment (Exhibit D), and Motion opposing hiring of Costilla (Exhibit P) are all admissions by Pequeno that he was not awarded future lost wages by the jury verdict.

### Mr. Garcia did not reveal a privileged communication

3.      Contrary to Pequeno's allegation, Mr. Garcia did not reveal an attorney-client communication as it was the subject of Pequeno's previous public disclosure of the same information. See letter to Schmidt (Exhibit C), Motion to Amend Judgment (Exhibit D), and Motion opposing hiring of Costilla (Exhibit P). Without conceding the juror's statements are properly the subject of a privilege, any privilege (real or imagined) was waived by Pequeno by voluntary disclosure of the information. See Rule 511 Texas Rules of Evidence. Inasmuch as no privileged communication was disclosed, "plain error" is not a issue.

### What is the Trustee's burden

4.      Once an exemption has been claimed, it is the objecting party's burden to prove that the exemption is not properly claimed. Initially, this means that the objecting party must produce evidence to rebut the presumptively valid exemption. If the objecting party can produce evidence to rebut the exemption, the burden of production then shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper. *In re Carter*, 182 F3d 1027,

1029 (n3) (9th Cir., 1999) citing *In re Patterson,* 128 B.R. 737 (Bankr. WD Tex. 1991). In conformance with these rulings, Schmidt offered credible evidence that the judgment did not contain loss of future wages. The burden of going forward with evidence to demonstrate that the exemption was proper then shifted to Pequeno. Pequeno offered no credible evidence to demonstrate the judgment was all for future loss wages as he scheduled it. The Bankruptcy Court's finding that there was no award for future lost wages therefore, was not clearly erroneous.

### Trustee's evidence is not speculative

5. Pequeno cites *In re Cramer,* 130 B.R. 193 (Bankr. E.D. Pa. 1991) claiming that Schmidt's evidence was speculative like the evidence in Cramer. The objecting party in Cramer offered as evidence to disprove the exemptions, excerpts of experts testimony at trial claiming based on that experts opinion $20,000 of the $55,000 award was for past wages. The Court pointed out that the objecting party failed to mention that there was other expert testimony supporting loss of future earnings of $370,000, correctly concluding thereby that the evidence presented did not establish the jury award was for anything other than loss of future earnings. The objecting party's argument therefore being speculative, citing *In re Magnus,* 84 B.R. 976, 978-79 (Bankr. E.D. Pa. 1988). In *Magnus,* the court points out that when an objecting party offers no evidence contradicting a debtor's characterization of an exemption, the Court can only speculate and when reduced to speculation, the objecting party has not met his burden. Contrary to this, Schmidt's evidence was unequivocal and fully contradicts Pequeno's characterization of the jury award as being one for future lost wages. Here the Bankruptcy Court was not dealing with lack of disputing evidence placing it in the position of having to speculate. The Bankruptcy Court's decision was therefore not clearly erroneous.

## The right to convert

6.  Pequeno cites *In re Porras*, 188 B.R. 375 (Bankr WD Tex 1995) in support of his proposition that he can convert irregardless of his bad faith. In *Porras*, Judge Clark characterizes the 5th Circuit statements contained in *In re Martin*, 880 F.2d 857 (5th Cir. 1989) regarding denial of conversion in extreme circumstances to be weak support at best for that proposition. See *Porras* at page 378. Here us what the 5th Circuit said in *Martin* about the absolute right to convert:

> **"The Courts refuse to interfere with that right in the absence of extreme circumstances. Calder, 93 BR at 940. Because Martin does not allege facts which if true would provide an adequate ground to deny the debtor's motion to convert, we agree with the district court's conclusion that the bankruptcy court erred in denying the conversion."** *Martin* at page 859.

7.  Why is the 5th Circuit citing *Calder*, the leading case for the denial of conversion for bad faith, if it is not recognizing there are extreme circumstances where conversion can be denied? Why is the 5th Circuit concluding that Martin, the objecting party, did not establish facts sufficient to constitute adequate grounds to deny conversion if it does not recognize such an exception. The answer is they do recognize an extreme circumstances exception to the right to convert, but Martin did not present the facts on which to deny conversion for bad faith.

8.  Other courts acknowledge, like the *Martin* Court, that a debtor's right to convert may be denied in extreme circumstances. *In re Kuntz*, 233 B.R. 580, 585 (Bankr. 1st Cir. 1999). When section 706 (a) of the Bankruptcy Code is read in context with the Rules courts conclude that the right to convert is not absolute. These Courts conclude that 706(a) provides that a debtor

"may" convert and use of "may" instead of "shall" suggest that the right to convert is presumptive rather than absolute. See *In re Ponzini* 277 B.R. 399, 404 (Bankr. ED Ark, 2002) and *In re Marcakis*, 254 B.R. 77, 82 (Bankr. EDNY 2000). The decision in *Porras* is at odds with the decision in *Martin* and the other courts which refuse to permit conversion when facts establishing bad faith are present.

    Respectfully submitted,

    LAW OFFICE OF MICHAEL B. SCHMIDT

    _____
    Michael B. Schmidt
    555 N. Carancahua, Suite 1550
    Corpus Christi, TX 78478
    SBN 17775200 FBN 10260
    361.884.9949
    361.884.6000 fax
    mbsatty@swbell.net (Court only)
    Attorney for Trustee

### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing legal document was mailed, regular U.S. Mail, on this 12 day of August 2003 to the persons listed below:

Richard D. Schell
The Fleuriet Schell Law Firm LLP
621 E. Tyler
Harlingen, Texas 78550

    _____
    Michael B. Schmidt