IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN PEQUENO, | § | |
| | § | |
| Appellant | § | CIVIL ACTION NO. B-03-029 |
| | § | |
| v. | § | |
| | § | |
| Michael B. Schmidt, Trustee | § | |
| Appellee | § | |

## APPELLANT'S SUPPLEMENT TO BRIEF

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Juan Pequeño, Appellant, files this supplement to the briefing he has heretofore filed with the court:

1. Attached as Exhibit "A" is an excerpt from the 2002 edition of West's Bankruptcy Exemption Manual. The excerpted section deals with the burden of proof on objections to claimed exemptions.

2. It is clear from the attached excerpt that the ultimate burden of persuasion belongs to the party objecting to the exemption. The objecting party must come up with some <u>real</u> evidence that the exemption is improperly claimed. Thereafter, the debtor will have the right to present rebuttal evidence, but the initial burden of coming forward with real evidence belongs to the objecting party. Trustee's Schmidt's argument that the ultimate burden shifts to the debtor does not comport with conventional wisdom, nor the great weight of authority.

APPELLANT'S SUPPLEMENT TO BRIEF – Page 1

3. Interestingly, the excerpt quotes a Texas bankruptcy case, In re Shurley, 163, B.R. 286, 291 (Bkr. W.D.Tex. 1993), where the court states *"If the evidence is such that a decision on a point cannot be made one way or the other the party with the burden of proof loses."* This is exactly the situation we have in the case at bar. Trustee Schmidt has not and cannot prove anything about the nature of the jury's verdict. Since he has the burden of proof, he must lose.

DATED: *September 10*, 2003.

                                                  Respectfully submitted,

                                                  **Richard D. Schell**
                                                  Attorney-in-Charge
                                                  State Bar No. 17736780
                                                  Federal I. D. No. 1221
                                                  621 E. Tyler
                                                  Harlingen, Texas 78550
                                                  (956) 428-3030
                                                  (956) 421-4339 (fax)
                                                  *rick@rickschell.com*

Of Counsel:

**RICHARD D. SCHELL**
621 E. Tyler
Harlingen, Texas 78550
(956) 428-3030
(956) 421-4339 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the following in the manner indicated below:

Michael B. Schmidt
LAW OFFICE OF MICHAEL B. SCHMIDT
555 N. Carancahua, Ste. 1550
Corpus Christi, TX 78478

*VIA FAX 361-884-6000*

on this 10th day of September, 2003.

Richard D. Schell

# BANKRUPTCY EXEMPTION MANUAL

## 2002 Edition

By

**WILLIAM HOUSTON BROWN**
United States Bankruptcy Judge
Western District of Tennessee

**LAWRENCE R. AHERN, III**
of the Tennessee Bar

**NANCY FRAAS MacLEAN**
of the Tennessee Bar



WEST GROUP
A THOMSON COMPANY

Mat #40022314

COPYRIGHT © 2002

BY

WEST GROUP

ISBN 0-314-10247-7

West Group has created this publication to provide you with accurate and authoritative information concerning the subject matter covered. However, this publication was not necessarily prepared by persons licensed to practice law in a particular jurisdiction. West Group is not engaged in rendering legal or other professional advice, and this publication is not a substitute for the advice of an attorney. If you require legal or other expert advice, you should seek the services of a competent attorney or other professional.

Shaun A. :
Ward H. ?

They ⊦

[Left margin fragments from facing page:]

se any opportuni-

uld have a chance
e case, the fact is
xit a Chapter 11
le, or foreclosure
uld a postpetition
. had not had the
petition creditors
 property that has
e the postpetition
ism for this in the
Chapter 11 debtor

·sion upon a new
er 11 to chapter 7
: objections to the
2000); see also In
:onversion did not
:s that this is now
 of section 522(*l*)
ient that the post-
g that re-triggered
ial order for relief
it that denial of a
ie court said that
 a new objections
ion 522(*l*). Allow-
procedural rule to

 Lien Avoidance

ction 522(f) of the
) which the debtor
e debtor schedules
ie running of time
on after the 30 day
nst a debtor's lien

avoidance motion? Here, again, there is a split of authority. Some courts have held that the lien creditor is precluded from raising the objection by Rule 4003(b). See In re Chinosorn, 248 B.R. 324 (N.D.Ill.2000); In re Blocker, 242 B.R. 75 (Bkrtcy.M.D.Fla.1999); U.S. v. Williams, 156 B.R. 77 (S.D.Ala.1993); In re Indvik, 118 B.R. 993, 1004 (Bkrtcy.N.D.Iowa 1990); In re Caruthers, 87 B.R. 723, 725–726 (Bkrtcy.N.D.Ga.1988); In re Hahn, 60 B.R. 69, 74–76 (Bkrtcy.D.Minn.1986); In re Towns, 74 B.R. 563, 566–567 (Bkrtcy.S.D.Iowa 1987).

Other courts have held that "a creditor who has not timely objected to a claim of exemption may nevertheless challenge the validity of the exemption when defending a lien avoidance motion." In re Morgan, 149 B.R. 147, 152 (9th Cir.BAP 1993) (citing In re Mohring, 142 B.R. 389, 393–394 (Bkrtcy. E.D.Cal.1992)); In re Kobs, 163 B.R. 368 (Bkrtcy.D.Kan.1994). In re Selby, 254 B.R. 128 (Bkrtcy.D.Md.2000) (although no objection filed to exemption, secured creditor and preference defendant could still assert defensive challenge to debtor's right of exemption). These courts reason that a creditor whose interests are affected by a lien avoidance motion may not have had sufficient notice of the exemption claim to challenge it before the motion for lien avoidance was filed. Perhaps a better argument for the lien creditor would start with the proposition that the property encumbered by its lien is not subject to "an exemption to which the debtor would have been entitled . . . ," as required by section 522(f). The debtor may keep his or her property by default, but that does not create an exemption to which he or she "would have been entitled."

See § 4.02 on lien avoidance issues and § 4.05, discussing the unique procedural and evidentiary questions that arise at the junction of exemptions and avoidance powers.

**Library References:**
   C.J.S. Bankruptcy § 183.
   West's Key No. Digests, Bankruptcy ⚖ 2801.

### § 6.10   Burden of Proof

According to the Rule 4003 Committee Notes, it is "the burden of the debtor to list his exemptions and the burden of parties in interest to raise objections." See Rule 4003(c); In re Hodgson, 167 B.R. 945, 950 (D.Kan. 1994). Exemptions are liberally construed in favor of the debtor. In re Sisco, 147 B.R. 495, 496 (Bkrtcy.W.D.Ark.1992); In re Chiz, 142 B.R. 592, 593 (Bkrtcy.D.Mass.1992).

The party objecting to an exemption claim has the burden of proving that the exemption is not properly claimed. In re Bechtoldt, 210 B.R. 599 (10th Cir.BAP 1997); In re Snyder, 215 B.R. 477 (Bkrtcy.W.D.Okla.1997) (citing In re Crisp, 215 B.R. 476 (Bkrtcy.W.D.Okla.1997) and Rule 4003(c)). As the

§ 6.10            BANKRUPTCY EXEMPTION MANUAL            Ch. 6

Ninth Circuit has explained, it is the objecting party's initial burden to prove that the exemption is not properly claimed, requiring proof to rebut the presumptively valid exemption. If this initial burden is met, the burden of production then shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper. Despite this shifting burden, the ultimate burden of persuasion stays with the objecting party. In re Carter, 182 F.3d 1027 (9th Cir.1999); see also In re Hurst, 239 B.R. 89 (Bkrtcy.D.Md.1999) (once trustee meets burden of proving that an exemption is not properly claimed, debtor will have opportunity to show validity of claim). The objecting party must carry the burden by a preponderance of the evidence. In re Sims, 241 B.R. 467 (Bkrtcy.N.D.Okla.1999). "If the evidence is such that a decision on a point cannot be made one way or the other, the party with the burden of proof loses." In re Shurley, 163 B.R. 286, 291 (Bkrtcy.W.D.Tex.1993) (quoting Texas Distrib., Inc. v. Local 100, United Ass'n of Journeymen & Apprentices, 598 F.2d 393, 402 (5th Cir.1979)). For example, a party objecting to the debtor's valuation of exempt property has the burden of proving the property is worth more than the amount claimed by the debtor. "[T]he objecting party cannot carry its burden of proof by merely impeaching the Debtors' valuation. Competent evidence, which affirmatively demonstrates a higher valuation by a preponderance of the evidence, is required." *Id.*

The burden of proof in lien avoidance disputes is discussed separately in § 4.05, above.

### § 6.11 Appeal of Order Denying Claim of Exemption

Is the denial of an exemption claim a final, appealable order? In Preblich v. Battley, 181 F.3d 1048 (9th Cir.1999), the Ninth Circuit held that "a bankruptcy court's order denying a claim of exemption is a final, appealable order under 28 U.S.C. § 158(a)(1) and any appeal from such an order must be taken within the time allowed under the bankruptcy rules, or the right to appeal will be waived." *Id.* at 1056. The Eleventh Circuit took the opposite view, holding that the denial of a claim of exemption is not "final" and, therefore, is not immediately appealable. In re Wisz, 778 F.2d 762, 764 (11th Cir.1985).

**Library References:**

C.J.S. Bankruptcy § 183.
West's Key No. Digests, Bankruptcy ⚖ 2802.

Sec.
7.01 Introduction.
7.02 Conversion of
7.03 Conversion of
      to a Juris[...]
7.04 Failure to File
7.05 Failure to File
      Property.
7.06 Conversion of

7.11 Entitlement to [...]
7.12 Ambiguity C[...]
7.13 Denial of F[...]
7.14 Dismissal.
7.15 Denial of Dis[...]
7.16 Denial of C[...]
7.17 Revocation of [...]
7.18 Rule 9011 Sanc[...]
7.19 Criminal Prose[...]
7.20 Avoidance of F[...]

- See Westlaw Electronic [...]

### § 7.01 Introduc[tion]

As used here[...] taken by the debto[...] otherwise be prop[...] mate prebankrupt[...] the Bankruptcy C[...] start," exempt fro[...] federal or state sta[...] "a strategy wherel[...] and use the procee[...]