United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2005

Charles R. Fulbruge III
Clerk

United States District Court
Southern District of Texas
FILED

APR 1 4 2005

Michael N. Milby
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---

No. 04-40573

---

D.C. Docket No. 1:03-CV-29

In The Matter Of: JUAN PEQUENO

    Debtor

---

JUAN PEQUENO

    Appellant-Cross-Appellee

v.

MICHAEL B SCHMIDT, Trustee

    Appellee-Cross-Appellant

Appeals from the United States District Court for the
Southern District of Texas, Brownsville.

Before KING, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

Costs on appeal are to be borne by Pequeno.

ISSUED AS MANDATE:   APR 1 2 2005

APR 1 2 2005

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 04-40573

---

In the matter of: JUAN PEQUENO
            Debtor

JUAN PEQUENO

        Appellant-Cross-Appellee

   v.

MICHAEL B SCHMIDT, Trustee

        Appellee-Cross-Appellant

---

Appeals from the United States District Court
for the Southern District of Texas
No. 1:03-CV-29

---

Before KING, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    This is a bankruptcy appeal in which the debtor initially filed under Chapter 7, but petitioned several months later to convert to Chapter 13. Soon after he filed for bankruptcy, the debtor was awarded a substantial judgment in a suit against his former employer. In the bankruptcy proceedings, he attempted to characterize the judgment as being for lost future wages, and

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 1 -

thus exempt from bankruptcy. The bankruptcy court denied both the debtor's petition to convert from Chapter 7 to Chapter 13 and his attempt to characterize the judgment as exempt. He appealed to the district court, which affirmed the bankruptcy court on the exemption issue but reversed on the conversion issue. The debtor now appeals as to the exemption issue, and the Chapter 7 trustee cross-appeals as to the conversion issue. We AFFIRM on both issues.

## I.  BACKGROUND

### A.  The Lawsuit Against Brownsville, Texas

Although this appeal directly concerns Appellant-Cross-Appellee Juan Pequeno's petition for bankruptcy, it is intricately connected to another case. Pequeno's main asset in bankruptcy is a judgment against his former employer, the City of Brownsville, Texas. To contextualize properly the bankruptcy issues in this appeal, it is first necessary to trace briefly the history of Pequeno's suit against Brownsville.

In November 1998, Pequeno's employment with Brownsville was terminated. He subsequently filed suit against Brownsville in the United States District Court for the Southern District of Texas (the "§ 1983 district court"). Bringing his suit under 42 U.S.C. § 1983, Pequeno alleged that he was terminated in retaliation for exercising his First Amendment rights when he spoke publicly in opposition to the city's plans to purchase a

particular computer software program. The case went to a jury, and on March 26, 2002, the jury awarded Pequeno a judgment for $400,359. He was also awarded $20,385 in attorney's fees. On April 5, 2002, Pequeno filed a motion to amend the judgment to include additional compensation for future lost wages. In support of his motion, Pequeno cited statements from jurors to the effect that they would have included compensation for future wages if they had known that Pequeno would not get his job back as a result of the verdict.[2] Pequeno also cited these statements in a letter he wrote to Appellee-Cross-Appellant Michael B. Schmidt dated June 7, 2002, in which he requested Schmidt not to oppose the motion to amend the judgment.[3] Pequeno's motion to amend the judgment was denied in August 2002.

## B. Bankruptcy Court Proceedings

As a result of losing his job, Pequeno suffered financial

---

[2] Specifically, Pequeno wrote that:

> Plaintiff also found that jurors were not aware that under [§ 1983] since Defendant had not protected Plaintiff's previous job position and, in fact Defendant had filled in the position with someone else, and because placing Plaintiff back in his employment position would be infeasible because of the hostile, political environment, then aggrieved Plaintiff is entitled to recover front pay as appropriate remedy.

[3] In his letter to Schmidt, Pequeno stated: "[b]y their own testimony front-pay was not awarded by the jurors because they believed that I was going to get my job back."

- 3 -

difficulties. To forestall what he thought was the imminent foreclosure on his home, on December 31, 2001, Pequeno filed a pro se petition for bankruptcy protection under Chapter 7 of the Bankruptcy Code. On January 4, 2002, the bankruptcy court appointed Schmidt as the Chapter 7 trustee.

Under FED. R. BANKR. P. 1007(c), a debtor filing under Chapter 7 has fifteen days from the time of filing his petition to file a schedule of his assets and debts. Pequeno failed to make such a filing. In response to a motion from Schmidt, in June 2002, the bankruptcy court ordered Pequeno to file his schedule of assets and debts, as well as his statement of financial affairs. On June 17, Pequeno filed both documents. Pequeno failed to list both his cause of action against Brownsville and a $61,000 payment from Brownsville's retirement fund in his schedule of assets and debts. He did, however, list these assets in his statement of financial affairs. Further, in February 2002, Brownsville's attorneys informed Schmidt of Pequeno's pending cause of action against the city. So, from an early point in the proceedings, Schmidt had actual notice of the suit against Brownsville.

On June 14, 2002, Pequeno attended the first meeting of creditors as required by 11 U.S.C. § 341. At the meeting, he requested, and was granted, an adjournment until June 28 so that he could retain an attorney. However, Pequeno never retained an attorney and did not attend the meeting on June 28, so the § 341

- 4 -

meeting was postponed for a second time until September 26, 2002. The day before that meeting was to take place, Pequeno requested permission to participate in the meeting telephonically, claiming that car difficulties would prevent him from attending in person. The bankruptcy court denied this request, and Pequeno did not attend the meeting. The meeting was rescheduled a third time for October 31, 2002.

On July 18, 2002, Pequeno filed a motion under 11 U.S.C. § 706(a) to convert his bankruptcy filing from Chapter 7 to Chapter 13. He claimed that he filed for bankruptcy to save his home from foreclosure. After reviewing a book about bankruptcy, he had the mistaken impression that filing under Chapter 7 would stop the foreclosure. His attorney in the § 1983 suit informed him that filing under Chapter 7 was ill-advised.[4] Based on this advice, Pequeno sought to convert his filing to Chapter 13. On July 22, Schmidt filed an objection to Pequeno's conversion motion. At a hearing held on August 7, the court orally granted Pequeno's conversion motion. After having already granted Pequeno's motion, the Bankruptcy Court scheduled a hearing on the

---

[4] Upon receiving this advice, Pequeno initially moved to dismiss his bankruptcy filing altogether. He claims that he initially failed to file his schedules because he planned to withdraw his bankruptcy petition. Once the bankruptcy court denied the motion to dismiss, Pequeno filed his schedules and ultimately filed a motion to convert his filing to Chapter 13.

matter for October 9, 2002.[5]

On September 3, 2002, Pequeno filed amended schedules in which he listed his interest in the litigation against Brownsville. At that point, he also claimed that because the judgment was for lost future wages, it was completely exempt from the bankruptcy estate pursuant to 11 U.S.C. § 522(d)(11)(E). Three days later, Schmidt responded to Pequeno's claim of exemption, arguing that the judgment was for mental anguish and lost past wages. Schmidt cited the juror statements that Pequeno presented in his motion to increase the judgment of the § 1983 district court. The trustee also offered a proffer from Alejandro Garcia, Pequeno's attorney in the § 1983 case. Garcia stated that Pequeno told him that the jurors told Pequeno that they had not awarded him compensation for lost future wages because they thought he would be reinstated.[6] Pequeno never

---

[5] One week after this hearing, on August 14, Pequeno received a discharge of his debts because the automatic discharge was unopposed. As part of the remand proceedings conducted pursuant to the district court's judgment, and at Pequeno's insistence, on October 6, 2004, the bankruptcy court revoked the discharge that was granted over two years earlier.

[6] Garcia wrote that:

> Mr. Juan Pequeno, the Debtor, stated to me that he had spoken with some of the juror(s) after the verdict was received and they asked him if he would be suing to get his job back and he told them "No". According to Mr. Pequeno these juror(s) explained that they had not awarded him any future lost wages ("front pay") for this reason.

- 6 -

objected to the presentation of this evidence. Schmidt also filed an emergency motion for authority to mediate and settle the judgment. On September 10, the bankruptcy court granted Schmidt authority to mediate a settlement. At that time, the court scheduled arguments on the exemption issue for the October 9 hearing.

With his authority to mediate, Schmidt quickly negotiated a settlement with Brownsville for $140,000 in exchange for Brownsville agreeing not to appeal the § 1983 district court's judgment. On September 25, 2002, the bankruptcy court approved the settlement subject to a final ruling on Pequeno's motion to convert.[7] As scheduled, on October 9, the bankruptcy court heard arguments about Pequeno's conversion and exemption motions. A month later, on November 7, the bankruptcy court denied Pequeno's motion to convert and held that none of the judgment represented compensation for lost future wages.

## C.   District Court Proceedings

Pequeno promptly appealed the bankruptcy court's November 7 ruling to the United States District Court for the Southern District of Texas. On April 1, 2004, the district court issued its ruling. Pequeno v. Schmidt, 307 B.R. 568 (S.D. Tex. 2004). It reversed the bankruptcy court's judgment on the conversion

---

[7]   Such a conditional ruling was necessary because if the bankruptcy court determined that Pequeno should be allowed to convert to Chapter 13, then as debtor-in-possession, he, and not Schmidt, would have the right to make any settlement decisions.

issue, finding that the right to convert from Chapter 7 to Chapter 13 is absolute. It affirmed the bankruptcy court's determination on the exemption issue, holding that the juror statements Pequeno cited in his motion to amend the judgment of the § 1983 district court constituted a judicial admission on his part that the jury did not award any damages for future wages. Pequeno now appeals the district court's ruling on the exemption issue, and Schmidt cross-appeals on the conversion issue.

## II. STANDARD OF REVIEW

In this case we are called upon to review the district court's decision reviewing the bankruptcy court. In such circumstances, we review the bankruptcy court's findings of fact for clear error and we review legal issues de novo. Milligan v. Evert (In re Evert), 342 F.3d 358, 363 (5th Cir. 2003).

## III. DISCUSSION

### A. The Right to Convert Under § 706(a)

On appeal, we must consider two questions: (1) Does a debtor have an absolute right to convert from Chapter 7 to Chapter 13?; and (2) If there is no absolute right to convert, did the facts and circumstances of this case warrant denial of Pequeno's motion to convert?

As to the first question, the district court found that Martin v. Martin (In re Martin), 880 F.2d 857 (5th Cir. 1989), mandates that a debtor who initially files under Chapter 7 has an absolute one-time right to convert to Chapters 11, 12, or 13. In

- 8 -

Martin, the bankruptcy court denied a debtor's motion to convert from Chapter 7 to Chapter 13. The debtor appealed to the district court, which held that the Bankruptcy Code places no restrictions on the right to convert.

In reviewing the district court, the Martin court began by considering the relevant statutory text, which states:

> The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

11 U.S.C. § 706(a). The court found that the text of § 706(a) represents an unequivocal statement of the right to convert. Martin, 800 F.2d at 858. The court also cited the legislative history, which states that § 706(a) "gives the debtor the one-time absolute right of conversion of a liquidation case to a reorganization or individual repayment plan case." S. Rep. No. 989, 95th Cong., 2d Sess. 380, reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5880.

Finally, the Martin court cited several cases which support the notion that a "court does not have the discretion to block the conversion[,]" Martin, 880 F.2d at 859, and that "a debtor's right to convert under section 706(a) is, as indicated by the statute and its legislative history, an absolute one." Id. The district court noted Martin's mention in dicta of exceptional

circumstances,[8] but focused on the fact that "in at least five different places [Martin] states that the right to convert is absolute (or uses words to that effect). A statutory right that is absolute cannot have court-made exceptions." Id. at 579 (footnote omitted). On appeal, Schmidt contends that this resolution is flawed since it ignores the clear import of Martin's statements acknowledging the need to consider the circumstances before granting a conversion motion.

As to the question of whether the circumstances of the instant case warrant the denial of Pequeno's motion to convert, the district court recognized that its answer was moot based on its finding that the right to convert is absolute. Nevertheless, it stated that even if exceptions were allowed under exceptional circumstances, the facts of this case presented nothing exceptional.

On appeal, Schmidt argues that Pequeno's conduct throughout the bankruptcy proceeding evinces considerable bad faith. As

---

[8] The court noted that "[t]here are, however, some cases which block the conversion, but only in extreme circumstances . . . ." Id. at n.2. The court further stated:
> The courts refuse to interfere with [a right of conversion] in the absence of extreme circumstances. Because Martin does not allege facts which if true would provide an adequate ground to deny the debtor's motion to convert, we agree with the district court's conclusion that the bankruptcy court erred in denying the conversion.

Id. at 859.

evidence of bad faith, Schmidt cites Pequeno's: (1) failure to file initially the required schedules; (2) concealment of his § 1983 case and retirement fund payout when he did file his schedules; (3) failure to attend the § 341 creditors meetings; and (4) waiting until the last minute to claim an exemption for his § 1983 judgment. Thus, Schmidt argues, allowing Pequeno's conversion would sanction an abuse of the bankruptcy process.

We agree with the district court's read of Martin. The statutory language makes it clear that the right to convert is absolute and unqualified. Even were that not so, however, the exceptional circumstances contemplated by the two bankruptcy court cases cited in Martin are not present in this case. In re Straugh, 41 B.R. 757 (Bankr. W.D. Pa. 1984), involved a post-petition preferential transfer. In re Calder, 93 B.R. 739 (Bankr. D. Utah 1988), the bankruptcy court denied conversion to a debtor who was a practicing bankruptcy attorney who engaged in substantial misconduct.

Schmidt seems to argue that Pequeno's failure to list initially the § 1983 suit in his schedule of assets evinces an intent to shield his assets from the bankruptcy process. The facts, however, do not bear out this argument. As Pequeno argues, if he were trying to shield this asset, he would not have listed it in his statement of financial affairs. The bankruptcy court specifically declined to find fraud on the part of Pequeno.

The district court's reversal of the bankruptcy court's

- 11 -

denial of Pequeno's conversion motion in the instant case must be affirmed.

**B.   Exemption of Future Wages Under 11 U.S.C. § 522(d)(11)(E)**

Section 522(d)(11)(E) of the Bankruptcy Code exempts from the bankruptcy estate any "payment in compensation of loss of future earnings of the debtor . . . to the extent reasonably necessary for the support of the debtor . . . ." Under FED. R. BANKR. P. 4003(c), the party objecting to the exemption "has the burden of proving that the exemptions are not properly claimed." The objecting party must carry this burden by a preponderance of the evidence.  In re Park, 246 B.R. 837, 840 (Bankr. E.D. Tex. 2000) (citing In re Ciotta, 222 B.R. 626, 629 (Bankr. C.D. Cal. 1998)).

The district court found that the record supported Schmidt's objection to Pequeno's claimed exemption.  The district court particularly focused on the juror statements Pequeno presented to the § 1983 district court in his attempt to increase the jury's award.  Those statements reflect that the jury did not intend to award damages for future wages.  The district court ruled that Pequeno's presentation of those statements to the § 1983 district court constitutes a judicial admission that he cannot now deny. Further, this evidence was presented in the bankruptcy court without objection.

Because Pequeno failed to object to the presentation of the juror statements in the bankruptcy court, we review the admission

- 12 -

of the statements for plain error. <u>Permian Petroleum Co. v. Petroleos Mexicanos</u>, 934 F.2d 635, 648 (5th Cir. 1991). "Plain error is error which, when examined in the context of the entire case, is so obvious and substantial that failure to notice and correct it would affect the fairness, integrity, or public reputation of judicial proceedings." <u>Id.</u>

On appeal, Pequeno asserts that the bankruptcy court's admission of Garcia's proffer regarding the juror statements constituted plain error in three ways. First, Pequeno argues that any statements he made to Garcia were covered by the attorney-client privilege. Second, Pequeno claims that the statements are inadmissible under FED. R. EVID. 606(b). Third, Pequeno avers that the juror statements are inadmissible hearsay. Pequeno argues that in the absence of this evidence, there is no way to tell whether the judgment covered future wages. Citing <u>In re Cramer</u>, 130 B.R. 193 (Bankr. E.D. Pa. 1991), Pequeno argues that such speculation means that Schmidt cannot meet his burden of proving by a preponderance of the evidence that the exemption has not been properly claimed.

Upon review, it is clear that none of Pequeno's objections reflects plain error. Pequeno's privilege argument fails because TEX. R. EVID. 511 provides that one who holds a privilege, such as the attorney-client privilege, waives the privilege when they disclose the substance of the privileged communication. Thus, in disclosing the substance of his conversation with Garcia through

- 13 -

his letter to Schmidt and his motion to amend the judgment, Pequeno waived whatever privilege he may have held over his statements to Garcia.

FED. R. EVID. 606(b) states: "Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions." In this instance, the jurors' statements are being used to determine the harms for which the jury intended to compensate Pequeno. This is not an inquiry into whether the verdict is valid. Rather, it is an inquiry into what the verdict actually says. As such, it is not within the ambit of Rule 606(b). See 27 CHARLES ALAN WRIGHT & VICTOR JAMES GOLD, FEDERAL PRACTICE AND PROCEDURE § 6074, at 407 (1990) (making clear that the rule "applies only in a specific procedural context").

As to Pequeno's hearsay objection, Schmidt responds by claiming that Garcia's statement constitutes an admission by a party opponent under FED. R. EVID. 801(d)(2), and is thus not hearsay. Under Rule 801(d)(2), a statement is not hearsay if "[t]he statement is offered against a party and is . . . the party's own statement . . . ." Here, Garcia's proffer concerns a statement Pequeno himself made. However, that statement was itself hearsay since it concerned what the jurors had told Pequeno. The fact that Garcia's proffer is covered under Rule

- 14 -

801(d)(2) does not eliminate the need to identify a hearsay exception to cover the jurors' original statements to Pequeno. United States v. Dotson, 821 F.2d 1034, 1035 (5th Cir. 1987). Finding no exception, we rule that the proffer contains hearsay.

The next question is whether the court's admission of this hearsay constitutes plain error. We hold that it does not. Pequeno argues that it taints the integrity of the judicial proceedings to allow a pro se litigant's claim to be defeated where the sole evidence against him is rank hearsay. This argument is insufficient to establish plain error. Garcia's proffer is not the sole evidence used to defeat the exemption claim. Schmidt also offered the letter Pequeno wrote to Schmidt as well as Pequeno's motion to amend the § 1983 district court's judgment. Since Garcia's proffer was not the sole evidence offered against Pequeno, Pequeno's argument essentially becomes that it is plain error to hold pro se litigants responsible for making hearsay objections. This argument is of no moment because even for pro se litigants, courts are not responsible for making basic evidentiary objections.

For the above reasons, we conclude that it was not plain error for the bankruptcy court and district court to consider Garcia's proffer. Furthermore, even if Garcia's proffer were stricken, there would still be ample reason to find that Schmidt carried his burden of proving that the exemption was not properly claimed. Pequeno does not argue that admission of either his

- 15 -

motion to amend the judgment or his letter to Schmidt constituted plain error.[9] The statements in these documents provide a foundation, independent from Garcia's proffer, to conclude that the jury did not award compensation for lost future wages.

### IV.   CONCLUSION

For the foregoing reasons we AFFIRM the judgment of the district court.  Costs shall be borne by Pequeno.  All outstanding motions are DENIED.

---

[9]   It would seem that these documents suffer from the same double hearsay problem as Garcia's proffer.  But since Pequeno does not argue that admission of these documents constitutes plain error, we need not consider the issue.  Gentry v. Lowndes County, 337 F.3d 481, 485 n.5.

- 16 -